**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-4226**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WARREN RAYVON SANDERS,

Defendant - Appellant.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  Frank W. Bullock, Jr., District Judge.  (CR-04-261)

---

Submitted:  August 9, 2006          Decided:  August 31, 2006

---

Before WILLIAMS and MICHAEL, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

J. Clark Fischer, RANDOLPH & FISCHER, Winston-Salem, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Randall Stuart Galyon, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Warren Rayvon Sanders pled guilty to distribution of 126 grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (2000). The district court sentenced him as a career offender to a 262-month term of imprisonment. Sanders' counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), challenging Sanders' sentence but stating that, in his view, there are no meritorious issues for appeal. Sanders has filed pro se supplemental briefs. We affirm.

Counsel questions whether the district court erred in classifying Sanders as a career offender under U.S. Sentencing Guidelines Manual § 4B1.1 (2004), because the predicate convictions were not charged in the indictment or proved beyond a reasonable doubt. This argument is foreclosed by our decision in United States v. Collins, 412 F.3d 515, 521-23 (4th Cir. 2005) (holding that application of career offender enhancement falls within exception for prior convictions where facts were undisputed, making it unnecessary to engage in further fact finding about prior conviction).

In his pro se supplemental briefs, Sanders asserts that two of the convictions used to designate him as a career offender were part of the same course of conduct and, therefore, should not have been counted as separate convictions. Because Sanders raises this issue for the first time on appeal, we review his claim for

plain error. See United States v. Hughes, 401 F.3d 540, 547-48 (4th Cir. 2005) (discussing standard of review). Our review of the record convinces us that the district court properly counted Sanders' predicate convictions as separate offenses. See USSG § 4A1.2(b); United States v. Green, 436 F.3d 449, 459 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006); United States v. Breckenridge, 93 F.3d 132, 137 (4th Cir. 1996). Thus, we find no error in the district court's classification of Sanders as a career offender.[*]

Counsel also suggests that Sanders' 262-month sentence is unreasonable. After United States v. Booker, 543 U.S. 220 (2005), a district court is no longer bound by the range prescribed by the sentencing guidelines. However, in imposing a sentence post-Booker, courts still must calculate the applicable guideline range after making the appropriate findings of fact and consider the range in conjunction with other relevant factors under the guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006).

---

[*]In his pro se supplemental briefs, Sanders contends that the district court should not have used relevant conduct from the dismissed count or the 100:1 crack to powder cocaine ratio in establishing his base offense level and that the court erred in determining his criminal history category. We decline to review these claims in light of our conclusion that the district court properly sentenced Sanders as a career offender. We also have carefully considered Sanders' claims that he did not receive notice of the Government's intention to seek enhanced statutory penalties under 21 U.S.C. § 851 (2000), and that he was improperly sentenced under a mandatory sentencing guidelines scheme and find these claims to be without merit.

United States v. Moreland, 437 F.3d 424, 432 (4th Cir.) (citing Hughes, 401 F.3d at 546), cert. denied, 126 S. Ct. 2054 (2006).  As stated in Hughes, this court will affirm a post-Booker sentence if it is both reasonable and within the statutorily prescribed range. Hughes, 401 F.3d at 546-47 (citations omitted).  "[A] sentence within the proper advisory Guidelines range is presumptively reasonable."  United States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006).

Here, the district court sentenced Sanders post-Booker, appropriately treated the guidelines as advisory, and considered the § 3553(a) factors.  Because Sanders' 262-month sentence falls within a properly calculated guideline range, the sentence is well within the statutory maximum of life imprisonment, see 21 U.S.C.A. § 841(b)(1)(A) (West 1999 & Supp. 2006), and neither Sanders nor the record suggests any information to rebut the presumption of reasonableness, we find that the sentence is reasonable.

In accordance with Anders, we have reviewed the entire record for any meritorious issues and have found none. Accordingly, we affirm Sanders' conviction and sentence.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from

representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED